# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:11CV125-RLV

| | |
|---|---|
| **VICTOR RADISI,** ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Memorandum and Order** |
| ) | |
| **HSBC BANK USA, NATIONAL** ) | |
| **ASSOCIATION and PHH MORTGAGE** ) | |
| **CORPORATION,** ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on a Motion to Dismiss (Doc. 8) by Defendants HSBC Bank USA, National Association and PHH Mortgage Corporation ("Defendants"), filed October 27, 2011, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure alleging lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. Also pending before the Court is a Motion for Summary Judgment by Plaintiff Victor Radisi ("Plaintiff") (Doc. 10), filed March 23, 2012. Plaintiff's motion may be construed as a response to Defendants' Motion to Dismiss, and, in this posture, the matter is ripe for disposition.

## I. BACKGROUND

This action involves the foreclosure of a deed of trust on real property located at 208 and 212 Wilson Street, Statesville, North Carolina ("Real Property"). On February 27, 2007, Plaintiff executed a promissory note and deed of trust with Coldwell Banker Home Loans to fund the purchase of the Real Property. The record is unclear regarding how HSBC Bank became the holder of the note; however, on August 16, 2011, the Clerk of Superior Court in Iredell County entered an order permitting foreclosure of the Real Property (Doc. 9 Ex. 2), and the foreclosure

sale took place on September 6, 2011. Among other things, the order states the following findings: (1) that HSBC Bank is the owner and holder of a promissory note evidencing the mortgage loan; (2) that the note is a valid debt owed to HSBC Bank; (3) that Plaintiff is in default; and (4) that HSBC Bank has the right to have the deed of trust foreclosed under the power of sale contained therein.

The pro se plaintiff alleges improprieties and fraud in Defendants' loan documentation, and claims Defendants "failed to show a 'chain of custody' of the note and deed of trust at issue." Plaintiff argues that the note was "not endorsed to the PHH Alternative Mortgage Trust . . . . as required by the Pooling and Service Agreement ("PSA")" and alleges general "unlawful and fraudulent actions" by Defendants. Plaintiff asserts Defendants failed to provide him with written explanation of the status of the debt as required by the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C.A. § 2605(e)(2)), and construed liberally, may also assert a violation of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff claims a right to relief for lost rental income in the amount of $1,735 per month since the date of the foreclosure sale.

Defendants contend that Plaintiff's claims attempt to re-litigate the findings of the state court in the foreclosure order and are thus barred by the *Rooker-Feldman* doctrine. Defendants assert that under the doctrine, Plaintiff's causes of action are "inextricably intertwined" with the state court ruling that HSBC was entitled to foreclose and should be dismissed for lack of subject matter jurisdiction.  Alternatively, Defendants argue that Plaintiff fails to state a claim for which relief can be granted, because Plaintiff does not allege that he was current on his mortgage and does not satisfy the particularity requirement of F. R. Civ. P. 9(b) in his general claim of fraud.

## II. STANDARD OF REVIEW

Because the existence of subject matter jurisdiction is a threshold issue, this Court must address Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) before addressing the merits of the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998); *accord Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). Subject matter jurisdiction is both a Constitutional and statutory requirement which restricts federal judicial power to a limited set of cases and controversies. Thus, "no action of the parties can confer subject matter jurisdiction on a federal court." *Ins. Corp. of Ir. V. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). The party seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id. See also, Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir. 1999).

A motion filed per Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint, *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006), measured by whether it meets the standards stated in Rule 8 (providing general rules of pleading), Rule 9 (providing rules for pleading special matters), Rule 10 (specifying pleading form), Rule 11 (requiring the signing of a pleading and stating its significance), and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted), *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). While a complaint need not contain detailed

factual allegations, courts require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (applying Rule 8).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The decisive standard is that the combined allegations, taken as true, must state a "plausible," not merely conceivable, case for relief. *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) (citing *Iqbal*, 129 S. Ct. at 1950–51 (citations omitted)). To have facial plausibility—a standard that lies between the outer boundaries of a probability requirement and the mere possibility of unlawful conduct—the pleading must contain factual content that permits the court, using its "judicial experience and common sense," reasonably to infer the defendant's liability. *Id.*

Furthermore, although district courts must liberally construe pro se complaints, courts cannot act as the pro se plaintiff's advocate or develop claims that such plaintiff failed clearly to raise on the face of the complaint. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). "Like plaintiffs who are represented by counsel, a pro se plaintiff must still 'allege facts sufficient to state all the elements of [the] claim.'" *Justice v. Dimon*, No. 3:10-413, 2011 WL 2183146, at *4 (W.D.N.C. June 6, 2011) (quoting *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)). "In light of *Twombly* and *Bass*, conclusory statements with

insufficient factual allegations, even when asserted by pro se plaintiffs, will simply not suffice." *Id.*

### III. DISCUSSION

**A. Subject matter jurisdiction**

Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed .2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Jurisdiction to review such decisions lies with superior state courts and, ultimately, the United States Supreme Court. *See* 28 U.S.C.A. § 1257(a) (West).

The *Rooker-Feldman* bar "extends not only to issues actually presented to and decided by a state court, but also to issues that are 'inextricably intertwined' with questions ruled on by a state court." *Brumby v. Deutsche Bank Nat'l Trust Co.,* No. 1:09CV144, 2010 WL 617368, at *2, (M.D.N.C. Feb. 17, 2010) (citing *Plyler v. Moore,* 129 F.3d 728, 731 (4th Cir. 1997)). A federal claim is inextricably intertwined with a state court decision where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Id.* (quoting *Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 202 (4th Cir. 1997); *see also Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir.1995) (noting that *Rooker-Feldman* operates as a bar "if the relief requested in the federal action requires determining that the state court decision is wrong or would void the state court's ruling").

In 2005, the Supreme Court clarified the scope and application of the doctrine and held that the jurisdictional limitation is confined to

> cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. [The Rooker-Feldman doctrine does not] stop a district court from exercising subject matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 293, 125 S. Ct. 1517, 161 L.Ed 2d 454 (2005) (internal quotation marks omitted). "Under *Exxon*, *Feldman*'s 'inextricably intertwined' language does not create an additional legal test for determining when claims challenging a state-court decision are barred, but merely states a conclusion: if the state court loser seeks redress in the federal district court for the injury caused by the state court decision," the claim is considered inextricably intertwined. *Davani v. Virginia Dept. of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006).

Here, to the extent that Plaintiff's action seeks relief stemming from the foreclosure order itself, it is barred by *Rooker-Feldman.* Plaintiff argues that Defendants fraudulently brought the foreclosure action and explains at great length, in reliance on the recent Fourth Circuit case *In Re McCormick* and in his Appendix to the Complaint (Doc. 1 Attachment 2-3), why Defendants are not the valid holder of the promissory note. However, whether HSBC Bank was the legitimate holder was precisely what the state court decided, and the chain of ownership of the note through any intermediaries, such as PHH Alternative Mortgage Trust or some other party, was necessarily encompassed within that decision. That the party seeking to foreclose is the lawful

holder of a valid debt is one of the elements a North Carolina court must find to authorize foreclosure. N.C. GEN. STAT. § 45-21.16(d)(I) (2010). North Carolina law specifically provides that "the act of the clerk in so finding or refusing to find is a judicial act." N.C. GEN. STAT. § 45-21.16(d1) (2010). As such, HSBC Bank's status as holder of the debt became judicially established by the foreclosure order. Plaintiff argues that Defendants committed fraudulent actions before the foreclosure action was ordered, but Plaintiff's opportunity to show that came in the state court action. *See Dillard v. Bank of New York*, 11-1379, 2012 WL 1094833 (10th Cir. Apr. 3, 2012) (dismissing a claim of improper documents and deceptive representations in a foreclosure action under the *Rooker-Feldman* doctrine). Ruling in Plaintiff's favor would require this Court to review and reject the order of the state court in the foreclosure action.

The *Rooker-Feldman* doctrine is particularly relevant when there is a means of appeal provided by the state. *See Washington v. Wilmore*, 407 F.3d 274 (4th Cir. 2005) (finding *Rooker-Feldman* did not bar a claim, in part because there was no mechanism by which the plaintiff could obtain state court resolution). Here, Plaintiff had the opportunity to and did in fact appeal the foreclosure order but failed to post the bond set by the Clerk, as required by N.C. GEN. STAT. § 45-21.16(d1) (2010). In North Carolina, an appeal cannot be dismissed due to failure to post bond, but foreclosure may go forward. *See Matter of Foreclosure of a Deed of Trust Executed by Coley Properties, Inc.*, 50 N.C. App. 413, 273 S.E.2d 738 (1981) ("It is error for the superior court to dismiss an appeal from that court when the bond required by the court is not posted.") Plaintiff cannot prevail on his fraud claim without obtaining an order that would negate or assign error to the state court's judgment. Even if the superior court erred in its judgment, this Court may not sit in appellate review of that judgment. Thus, this Court is an improper forum for this action.

**B. Failure to state a claim for which relief may be granted.**

Insofar as Plaintiff states a claim independent of the foreclosure order which merely "denies a legal conclusion that a state court has reached," *see Exxon Mobil*, 544 U.S. at 282, this Court now addresses Defendants' Motion to Dismiss under Rule 12(b)(6). In his complaint, Plaintiff submits a generalized claim of fraud and fails to identify any statutory basis for relief. Plaintiff alludes to a violation of FDCPA but only expressly states that he is a "consumer" for purposes of the Act.

Plaintiff's general claim could be construed under the FDCPA as incorrectly reporting the legal status of the debt owed on the mortgage loan. See 15 U.S.C. § 1692e(2)(A) (prohibiting a debt collector from making a "false representation of . . . . the character, amount, or legal status of any debt"). However, only entities that qualify as "debt collectors" are subject to civil liability under the FDCPA. *See* 15 U.S.C. § 1692k(a). The FDCPA explicitly excludes from its definition of this term "any person collecting or attempting to collect any debt owed . . . to the extent that such activity . . . . concerns a debt which was not in default at the time it was obtained . . . ." 15 U.S.C. § 1692a(6)(F). Thus, a "mortgage servicer . . . . is exempt from liability under the FDCPA, provided that it acquires a mortgage loan prior to default." *Jones v. Saxon Mortg. Services, Inc.*, 3:09CV425-RJC-DCK, 2010 WL 2629782 (W.D.N.C. June 28, 2010) (citing *Areebuddin v. OneWest Bank, F.S.B.,* No. 1:09cv1083, 2010 WL 1229233, at *6 (E.D.Va. March 24, 2010)). Further, "creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Scott v. Wells Fargo Home Mortg. Inc.,* 326 F. Supp.2d 709, 717 (E.D.Va. 2003); *see also Warren v. Countrywide Home Loans, Inc.,* 2009 U.S.App. LEXIS 18191 (11th Cir. Aug. 14, 2009) ("several courts have held that an enforcer of a security interest, such as a mortgage company foreclosing on

mortgages of real property, falls outside the ambit of the FDCPA"); *Beadle v. Haughey*, No. Civ. 04-272-SM, 2005 WL 300060, at *3 (D.N.H. February 9, 2005) ("Nearly every court that has addressed the question has held that foreclosing on a mortgage is not debt collection activity for purposes of the FDCPA"). This Court agrees with the conclusions of these courts, and any claim made by Plaintiff under the FDCPA is properly dismissed under Rule 12(b)(6).

Plaintiff additionally alleges Defendants violated the Real Estate Settlement Procedures Act ("RESPA") in failing to respond to his Qualified Written Requests ("QWR") for information relating to the servicing of the loan, as defined in 12 U.S.C.A. § 2605(e)(1)(B). RESPA does afford a private cause of action under the provision of the statute and regulations Plaintiff relies on,[1] but the relief Plaintiff seeks is not the actual damage resulting from this alleged failure. Plaintiff's assertion of damages without any supporting facts as to how he was damaged by the failure to respond to the QWR's is insufficient to establish a claim for violation of RESPA. *See In re Ginn*, 465 B.R. 84, 95-96 (Bankr. D.S.C. 2012) ("Even if CitiMortgage did not comply with the RESPA provisions pertaining to QWR's, Plaintiffs failed to sufficiently allege that they suffered actual and/or statutory damages resulting from CitiMortgage's alleged RESPA violation. Accordingly, cause exists to dismiss this cause of action.").

To the extent that Plaintiff has any other claims against Defendants, this Court cannot act as the pro se Plaintiff's advocate or develop claims that he failed clearly to raise on the face of the complaint. *See Gordon*, 574 F.2d at 1151. Plaintiff has not alleged facts sufficient to state all elements of any other claim, and this Court grants Defendants' Motion to Dismiss.

---

[1] "Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts: **(1)** In the case of any action by an individual, an amount equal to the sum of--**(A)** any actual damages to the borrower as a result of the failure; and **(B)** any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000." 12 U.S.C.A. § 2605(f) (West).

Plaintiff's Motion for Summary Judgment is unsupported and without merit, and to the extent that it encompasses matters within the Court's ruling on the Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim, it is moot.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment is hereby **DENIED**. Defendants' Motion to Dismiss under Rule 12(b)(1) and 12(b)(6) is hereby **GRANTED**. Accordingly, Plaintiff's causes of action are dismissed *with prejudice*.

Signed: June 13, 2012

Richard L. Voorhees
United States District Judge